POULTRYMEN'S SERVICE CORPORATION, A NEW JERSEY CORPORATION, PLAINTIFF-APPELLANT, v. ABRAHAM WINTER, *ET AL.*, DEFENDANTS-RESPONDENTS, AND CELIA ZASLOW, INDIVIDUALLY AND AS EXECUTRIX OF THE ESTATE OF LOUIS ZASLOW, DECEASED, SURETIES-RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued May 27, 1968—Decided June 11, 1968.

: *Mr. Lionel F. Briggs* argued the cause for appellant.

*Mr. Robert B. Silverman* argued the cause for respondents (*Messrs. Braun & Braun,* attorneys).

Before Judges SULLIVAN, FOLEY and LEONARD.

The opinion of the court was delivered by

SULLIVAN, S. J. A. D. Plaintiff appeals from the denial of its motion to amerce the sureties on a bail bond in a, *capias* proceeding.

In 1957 plaintiff commenced a suit against defendant Abraham Winter on an allegedly fraudulently incurred debt and obtained the issuance of a writ of *capias ad respondendum.* Defendant Winter was taken into custody under the writ and secured his release by filing a bail bond in the penal sum of $12,504.62 on which the sureties were Louis Zaslow and Celia Zaslow his wife. The condition of the bond was that defendant at all times render himself amenable to the orders and processes of the court, etc. See *R. R.* 4:66–4(a). Ultimately on June 2, 1961, by stipulation between the parties, a $16,000 judgment sounding in fraud was entered in favor of plaintiff against Winter.

Discovery proceedings against Winter in 1963 resulted in an order dated November 15, 1963, which required Winter to pay to plaintiff the sum of $10 per week from his income. Defendant has at all times fully complied with the terms of such order.

In August 1967 plaintiff caused a writ of *capias ad satisfaciendum* (*ca. sa.*) to be issued on its judgment. Said writ directed the sheriff to take Winter into custody and bring him before the court to satisfy plaintiff's judgment. However, plaintiff instructed the sheriff to hold the writ for the required period of time and then to merely return it "not found." It is not disputed that at all times Winter was actually residing in the county and was amenable to the orders and processes of the court.

Based on the legal fiction, as shown by the sheriff's return, that defendant could not be found in the county, plaintiff, on September 12, 1967, moved to amerce the sureties claiming in effect that there had been a breach of the condition of the bond. When the motion was heard by the court on October 20, 1967, counsel for defendant characterized the sheriff's return on the *ca. sa.* as a "sham," adding "if you want my defendant—ask for him. Don't go down to the sheriff, make him falsify. * * *" The court, by letter opinion dated October 25, 1967, held that if defendant surrendered himself within a period of ten days from the date of the court's opinion, the bail would be discharged. Surrender in court was made on November 1, 1967, and an order was entered dismissing plaintiff's motion to amerce.

Plaintiff contends on appeal that, under *N. J. S.* 2A:15-47, where proceedings have been commenced to amerce the bail, the defendant has a period of 20 days within which to surrender himself and that surrender cannot be made after that period unless for good cause the court grants further time. In the instant case the surrender was not made within 20 days after plaintiff's motion to amerce was filed, nor was any application made within that period for an extension of time to make this surrender. Plaintiff therefore argues that the court was without power after the 20-day period had expired to give an extension of time for the surrender. Plaintiff further argues that, in any event, the surrender made by defendant was invalid because no written notice of intention to render in discharge of bail, as required by *N. J. S.* 2A: 15-47, was given to plaintiff.

We conclude that the trial judge's ruling was correct. However, we rest our conclusion on the ground that there had been no breach of the condition of the bond so that no basis for amercement of the surety existed, and the 20-day grace period set forth in *N. J. S.* 2A:15-47 never came into play. Further, plaintiff's surrender was pursuant to court order, and not in connection with proceedings to render in discharge of bail under *N. J. S.* 2A:15-47.

■ A proceeding or action to amerce the surety can only be taken after there has been a breach of the condition of the bond. Under *N. J. S.* 2A :15–44, if the bail fails to bring in the body of the defendant when ordered by the court, amercement of the bail shall be had. The reason for this is that defendant is not amenable to the orders and processes of the court and the condition of the bond has thereby been breached. Another basis for amercement exists where a writ of *ca. sa.* has issued to the sheriff who makes a return that defendant cannot be found in the county. In such case the return *prima facie* establishes a breach of the condition of the bond.

It is this latter procedure that plaintiff utilized in the instant case. Ordinarily the sheriff's return "not found" on the writ would be sufficient to allow plaintiff to proceed against the bail. However, it is undisputed that here the sheriff's return was a fiction, that in fact defendant could be found in the county, and that he was amenable to the orders and processes of the court as evidenced by his prompt surrender when ordered to do so by the court.

The procedure employed by plaintiff herein is supported by early case law which refused to require the sheriff to make a *bona fide* attempt to execute the *ca. sa.* before proceedings could be instituted against the bail, on the ground that delivery of the writ to the sheriff acted as notice to the bail that plaintiff intended to proceed against the person of defendant. The cases held that it was incumbent on the bail to search the sheriff's office and ascertain whether a *ca. sa.* had been delivered to the sheriff. See *VanWinkle v. Alling et al. Exrs., & c.,* 17 *N. J. L.* 446 ´(*Sup. Ct.* 1840) ; *Cockran ads. Drake,* 18 *N. J. L.* 9 (*Sup. Ct.* 1840).

We reject these holdings as harsh and unrealistic and conclude that in the facts and circumstances presented, despite the sheriff's return "not found," there was in fact no breach of the condition of the bond so that no basis for amercement of the bail existed. Plaintiff's motion to amerce had no standing and was properly denied.

We note that the trial court stated that, upon defendant's surrender, the bail would be discharged. However, the order actually entered merely dismisses plaintiff's motion to amerce. Neither defendant nor the surety has cross-appealed from this portion of the trial court's order.

Affirmed.